UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARKEN ALEXANDER, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV377 JCH |
| | ) | |
| CHRYSLER MOTORS, | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction[1], filed on July 12, 2013.  ("Motion to Dismiss," ECF No. 27).  The Court ordered Plaintiff to file a response by August 12, 2013.  (See Order of August 2, 2013, ECF No. 29).  To date, Plaintiff has not responded.  Therefore, the Court will rule on the record before it.

**BACKGROUND**

Plaintiff filed his Complaint on February 27, 2013, alleging Defendant, his former employer, discriminated against him on the basis of race and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").  Plaintiff alleges Defendant put him "on last chance letter for fighting and horse play [sic]."  Plaintiff alleges another

---

[1]Defendant's motion is brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure, or "[a]lternatively," under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  The Court finds that its disposition of Defendant's motion would be the same regardless of whether the motion is analyzed under Rule 12(b)(1) or Rule 12(b)(6).  See Mohr v. Dustrol, Inc., 306 F.3d 636, 643-44 (8th Cir. 2002) (noting that the exhaustion of administrative remedies is a jurisdictional prerequisite to action under Title VII) (abrogated on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003)); see also Brooks v. Midwest Heart Group, 655 F.3d 796, 801 (8th Cir. 2011) (affirming dismissal under Rule 12(b)(6) of claims of age discrimination and retaliation under Title VII for failure to exhaust).

employee, who was white, subsequently claimed the two had fought.  Plaintiff states Defendant fired him in December 2000 while the other employee involved in the fight was not fired.  Plaintiff alleges that, following his termination, he was denied any benefits that he may have earned during his employment.

In his Complaint, Plaintiff states his allegations are the same as those in the charge of discrimination he filed jointly with the Missouri Commission On Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") on January 7, 2013.  Plaintiff included his charge of discrimination with his Complaint.  Plaintiff's charge of discrimination states he was employed by Defendant for about seventeen years.  Plaintiff's charge of discrimination also states he was placed on a "last chance agreement," and that he was terminated in December 2000 for fighting while the other individual involved was not terminated.  Plaintiff's charge of discrimination asserts he was denied benefits accrued during his employment and a payout offered to employees "who were still employed by the company at the time the plant closed."

Plaintiff's Complaint states that he received a Notice of Right-to-Sue Letter, but Plaintiff did not include this letter with his Complaint.  Instead, Plaintiff included a Dismissal and Notice of Rights, dated February 13, 2013, which indicated that the EEOC was closing its file on Plaintiff's charge because it was not timely filed.  (See Charge of Discrimination, ECF No. 1-1, pp. 1-3).

## STANDARD

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to the plaintiff.  Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008).  The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."  Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).  The complaint's factual allegations must be sufficient "to raise a right to relief

above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for FED.R.CIV.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

As indicated above, Defendant filed its Motion to Dismiss on July 12, 2013, arguing Plaintiff failed to exhaust his administrative remedies before filing this action.  Specifically, Defendant asserts Plaintiff failed to file a timely charge of discrimination with the EEOC and therefore failed to receive notice of the right to sue.  See Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 850 (8th Cir. 2012) ("Title VII requires that before a plaintiff can bring suit in court to allege unlawful discrimination, she must file a timely charge with the EEOC or a state or local agency with authority to seek relief."); Habib-Stevens v. Trans States Airlines, Inc., 229 F.Supp.2d 945, 946 (E.D. Mo. 2002) ("Prior to filing [an ADA] action, a claimant must assert her discrimination claims in a charge filed with the EEOC and receive a 'right to sue' letter.").

In Missouri, a charge of discrimination filed jointly with the MCHR and the EEOC must be filed within 300 days after the alleged unlawful employment practice occurred in order to receive a right to sue letter.  See 42 U.S.C. § 2000e-5(e)(1); see also Brooks, 655 F.3d at 800.

As part of his Complaint, Plaintiff included a Dismissal and Notice of Rights from the EEOC indicating that the EEOC was closing its file on his charge because it was not timely filed.[2]  (See Charge of Discrimination, ECF No. 1-1, p. 3).  Additionally, both Plaintiff's Complaint and his charge of discrimination note that the conduct Plaintiff complains of occurred in December 2000 or beforehand.[3]  Since Plaintiff filed his charge of discrimination with the MCHR and the EEOC on January 7, 2013, Plaintiff's charge of discrimination was filed well beyond the 300-day deadline, and Plaintiff's charge of discrimination was not timely filed.

Viewing the allegations in the Complaint in the light most favorable to Plaintiff, the Complaint does not state a claim to relief that is plausible on its face.  Because Plaintiff failed to exhaust his administrative remedies with respect to his claims under Title VII and the ADA, his Complaint must be dismissed.

## CONCLUSION

Accordingly,

---

[2]Since Plaintiff included both his charge of discrimination and Dismissal and Notice of Rights along with his Complaint, the Court does not need to convert Defendant's Motion to Dismiss into a motion for summary judgment under Rule 56 so as to rely on materials outside the pleadings.  See Brooks, 655 F.3d at 800 ("Consideration on a motion under Rule 12(b)(6) is limited to initial pleadings, and if the court considers matters outside the pleadings, the motion must be treated as one for summary judgment."); see also Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008) ("...[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.").  Analyzing Defendant's motion under Rule 12(b)(1) does not lead to a contrary conclusion.  See Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003) ("We have established that a district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1).") .

[3]Plaintiff's charge of discrimination asserts both the earliest and latest date the discrimination took place was December 1, 2000.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 27) is **GRANTED**.   An appropriate Judgment will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Inform the Court (ECF No. 19) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Case in Favor of Plaintiff (ECF No. 25) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Request for New Judge (ECF No. 26) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 30) is **DENIED** as moot.


Dated this 23rd  day of August, 2013.


                                        /s/Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE